**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

United States Courts
Southern District of Texas
FILED
AUG 1 8 2026
Nathan [illegible] Clerk of Court

| | | |
|---|---|---|
| JAIME FARIA, Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | Civil Action No. 4:26-cv-06805 |
| | § | |
| PORTFOLIO RECOVERY | § | |
| ASSOCIATES, LLC, and | § | JURY TRIAL DEMANDED |
| SCOTT & ASSOCIATES, P.C., | § | |
| Defendants. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Jaime Faria ("Plaintiff" or "Mr. Faria"), appearing pro se, files this Original Complaint against Defendants Portfolio Recovery Associates, LLC ("PRA") and Scott & Associates, P.C. ("Scott") (together, "Defendants"), and alleges as follows. Citations in the form "FARIA" refer to Bates-numbered pages of Plaintiff's Exhibits 1–17, filed herewith.

## I. INTRODUCTION

1. This is an action for damages under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), and the Texas Debt Collection Act, Tex. Fin. Code ch. 392 ("TDCA").

2. On March 17, 2026, Mr. Faria timely perfected a *de novo* appeal of a justice-court judgment that PRA had obtained against him on an alleged consumer credit-card debt. Under settled Texas law, perfection of that appeal vacated and annulled the judgment as a matter of law. Two days

later, the Fort Bend County Clerk mailed written notice of the appeal, by certified mail, directly to PRA and to its collection counsel, Scott; USPS confirmed delivery on March 23, 2026.

3. With that notice in hand, Defendants nonetheless spent the following four months attempting to enforce the annulled judgment: they served Mr. Faria with "post-judgment" discovery demanding his complete financial records; PRA verified to Equifax in response to Mr. Faria's documented dispute that he presently owes a "past due" balance equal to the annulled judgment, court costs included; and Defendants asked the justice court, *ex parte* and without bond, to appoint a receiver to seize Mr. Faria's bank accounts and to charge him a 25% receiver's fee, supported by a declaration of PRA's counsel, made under penalty of perjury, that the annulled judgment "is in all things final, valid, and subsisting."

4. Each of these acts misrepresented the legal status of the alleged debt, threatened and pursued action that could not legally be taken, and sought to collect amounts no contract or law permits. Mr. Faria seeks actual, statutory, and punitive damages, and all other relief the Court deems just.

## II. PARTIES

5. Plaintiff Jaime Faria is a natural person residing in Katy, Fort Bend County, Texas. He is a "consumer" within the meaning of 15 U.S.C. §§ 1692a(3) and 1681a(c) and an individual protected by Tex. Fin. Code § 392.001(1), because the obligation at issue arises from a Citibank, N.A. "My Best Buy" credit-card account used for personal, family, and household purposes. (FARIA-0017–0023.)

6. Defendant Portfolio Recovery Associates, LLC is a Delaware limited liability company with its principal place of business at 120 Corporate Boulevard, Norfolk, Virginia 23502. PRA's principal purpose is the purchase and collection of defaulted consumer debts; it acquired the alleged debt at issue, in default, by a Bill of Sale and Assignment from Citibank, N.A. dated

November 22, 2024. (FARIA-0012–0016.) PRA is a "debt collector" under 15 U.S.C. § 1692a(6), a "debt collector" and "third-party debt collector" under Tex. Fin. Code § 392.001(6)–(7), and a "furnisher" of information to consumer reporting agencies within the meaning of 15 U.S.C. § 1681s-2. PRA may be served through its registered agent for service of process in Texas.

7. Defendant Scott & Associates, P.C. is a professional corporation and law firm with offices in Carrollton and Plano, Texas. Scott regularly collects or attempts to collect, directly or indirectly, defaulted consumer debts owed or asserted to be owed to others, including through litigation; its own letterhead recites debt-collection licenses in multiple states, and its correspondence to Mr. Faria bears the legend required of debt collectors: "IN ACCORDANCE WITH 15 U.S.C. 1692e, PLEASE BE ADVISED THAT THE PURPOSE OF THIS CORRESPONDENCE IS TO COLLECT A DEBT." (FARIA-0070–0071.) Scott is a "debt collector" under 15 U.S.C. § 1692a(6) and *Heintz v. Jenkins*, 514 U.S. 291 (1995), and a "debt collector" under Tex. Fin. Code § 392.001(6). Scott may be served at its offices or through its registered agent.

## III. JURISDICTION AND VENUE

8. This Court has federal-question jurisdiction under 28 U.S.C. § 1331 because this action arises under the FDCPA, 15 U.S.C. § 1692k(d), and the FCRA, 15 U.S.C. § 1681p. The Court has supplemental jurisdiction over Plaintiff's TDCA claims under 28 U.S.C. § 1367(a) because they form part of the same case or controversy.

9. Venue is proper in this District and Division under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in Fort Bend County, Texas, within the Houston Division of the Southern District of Texas: the collection communications were directed to Plaintiff there, and the state-court proceedings at issue are pending there.

10. Plaintiff has Article III standing. Defendants' conduct caused him concrete, particularized injuries, including: an attempted seizure of his bank accounts through an *ex parte* receivership; the out-of-pocket costs and burden of defending against unlawful enforcement of an annulled judgment; the dissemination of false credit information about him to third parties; and emotional distress.

## IV. FACTUAL ALLEGATIONS

**A. The alleged consumer debt and PRA's acquisition of it in default**

11. The alleged debt arises from a Citibank, N.A. "My Best Buy" consumer credit-card account ending in 5124, used for personal, family, and household purposes. PRA's own state-court claim exhibits include account statements reflecting a final statement balance of $4,308.08. (FARIA-0017–0023.)

12. By a Bill of Sale and Assignment dated November 22, 2024, Citibank, N.A. sold a portfolio of defaulted accounts described in an electronic sale file to PRA, subject to a Master Purchase and Sale Agreement dated July 31, 2023. (FARIA-0012–0016.) The account was in default when PRA acquired it; PRA's Equifax tradeline reports a date of first delinquency of February 5, 2024 and a "Date Opened" of November 22, 2024 the date of the Bill of Sale. (FARIA-0116–0117.)

**B. Plaintiff's validation demand**

13. On December 23, 2024, Mr. Faria sent PRA a written debt-validation demand by certified mail, delivered January 7, 2025 (USPS Tracking No. 9589 0710 5270 1697 0955 29). (FARIA-0001–0007.) These facts are pleaded as background bearing on Defendants' knowledge, pattern, and the willfulness of the conduct alleged below.

**C. The state-court suit and the February 24, 2026 judgment**

14. PRA, through counsel, sued Mr. Faria on the alleged debt in the Justice Court, Precinct 1, Place 1, Fort Bend County, Texas, Cause No. 25-JDC11-06231. (FARIA-0008–0029.)

15. On February 24, 2026, the justice court signed a judgment for PRA for $4,408.08 in damages plus $146.72 in court costs, a total of $4,554.80, with post-judgment interest waived by PRA and entered at 0.00%. (FARIA-0030–0031.) Scott's file stamp shows it received the judgment on February 25, 2026. (FARIA-0031.)

**D. Plaintiff perfected a de novo appeal on March 17, 2026, annulling the judgment**

16. On March 17, 2026 within 21 days after the judgment was signed Mr. Faria filed with the justice court a Statement of Inability to Afford Payment of Court Costs on the form approved by the Supreme Court of Texas. (FARIA-0032–0045.) Under Texas Rule of Civil Procedure 506.1(h), the appeal was perfected upon that filing; no bond, cash deposit, or supersedeas bond is required to perfect an appeal by Statement. Tex. R. Civ. P. 506.1(a), (d), (h). No contest to the Statement was sustained.

17. That same day, the justice court certified the record and transmitted the transcript and original papers to the Fort Bend County Clerk. (FARIA-0046–0051.) On March 18, 2026, the appeal was filed and docketed in the County Court at Law No. 4 of Fort Bend County as Cause No. 26-CCV-078841, where it remains pending for trial *de novo*. (FARIA-0052–0057.)

18. Under settled Texas law, "[p]erfection of an appeal to county court from a justice court for trial *de novo* vacates and annuls the judgment of the justice court." *Villalon v. Bank One*, 176 S.W.3d 66, 69–70 (Tex. App.—Houston [1st Dist.] 2004, pet. denied); *accord In re Garza*, 990 S.W.2d 372, 374 (Tex. App.—Corpus Christi 1999, orig. proceeding); *Richard v. Taylor*, 886 S.W.2d 848, 851 (Tex. App.—Beaumont 1994, writ denied); see Tex. R. Civ. P. 506.3 (appeal is "a new trial in which the entire case is presented as if there had been no previous trial"). From March 17, 2026 forward, no judgment existed to enforce, and PRA was not a judgment creditor.

**E. Defendants received written notice of the perfected appeal on or about March 19, 2026**

19. On March 19, 2026, the Fort Bend County Clerk mailed written notice of the appeal identifying Cause No. 26-CCV-078841 and its March 18, 2026 docketing in County Court at Law No. 4 to PRA at its Carrollton, Texas post-office box and to Aleshia R. Huffman of Scott & Associates, P.C. (FARIA-0052–0057.) The Clerk's USPS mailing records document each mailing. (FARIA-0058–0068.) The United States Postal Service confirmed delivery of those certified-mail notices in Carrollton, Texas on March 23, 2026 at 9:41 a.m. (FARIA-0165–0168.) Defendants therefore had actual written notice of the perfected appeal, and of the annulment of the judgment it effected, from on or about March 23, 2026 onward.

**F. With actual notice, Defendants served "post-judgment" enforcement discovery on Plaintiff**

20. On April 13, 2026 approximately three and a half weeks after the Clerk mailed notice of the appeal to her Aleshia R. Huffman of Scott signed and served on Mr. Faria, on PRA's behalf, "Judgment Creditor's First Set of Written Discovery in Aid of Enforcement of Judgment," with a cover letter stating: "As you are aware, Portfolio Recovery Associates, LLC obtained a judgment against you in the above-referenced matter (the 'Judgment'). As of todays date there remains the amount of $4,554.80 due and owing on the Judgment." (FARIA-0069–0082.)

21. The discovery demanded, among other things, five years of Mr. Faria's and his spouse's bank records, deeds, employment records, licenses, and divorce records, and warned that unanswered requests for admission would be deemed admitted including requests designed to establish that his bank funds were non-exempt and seizable. (FARIA-0072–0082.) The package bore Scott's § 1692e debt-collection legend. (FARIA-0070.)

22. There was no judgment. The representations that a judgment existed, that $4,554.80 was "due and owing" on it, and that PRA was a "Judgment Creditor" entitled to enforcement discovery were false when made, and Defendants knew or should have known they were false.

23. Mr. Faria was forced to move to quash the discovery and seek a protective order in County Court at Law No. 4, where that motion remains pending. (FARIA-0083–0102.)

**G. PRA verified false credit information to Equifax in response to Plaintiff's documented dispute**

24. On May 21, 2026, Mr. Faria sent Equifax a written dispute of PRA's tradeline by certified mail (USPS No. 9207 1901 4298 0479 7983 32), enclosing supporting documents including court records showing the judgment and the perfected appeal, PRA's Bill of Sale, and a Citibank statement. The dispute identified, among other inaccuracies, that the reported balance of $4,554 corresponded to the annulled judgment and improperly included $146.72 in court costs that were never part of the consumer debt. (FARIA-0103–0114.)

25. Upon information and belief, Equifax transmitted the dispute to PRA through the automated consumer-dispute-verification (ACDV) process, as reflected by Equifax's statement that it completed an investigation with the furnisher.

26. On or about June 11, 2026, Equifax issued reinvestigation results stating: "You indicated that the status, payment history, or payment rating on this account was inaccurate. Our investigation concluded that the disputed information is reporting accurately." After the investigation, PRA's tradeline continued to report a balance of $4,554 and an "Amount Past Due" of $4,554 the amount of the annulled judgment, court costs included. (FARIA-0115–0117.)

27. PRA thus verified as accurate, months after the annulment and with actual written notice of it in its own and its counsel's files, a balance that (a) rests on a judgment that does not exist, and (b) includes $146.72 of court costs that no contract or statute authorizes PRA to collect as part of the consumer account balance. PRA failed to conduct a reasonable investigation of the dispute; a reasonable investigation  indeed, any genuine review of PRA's own litigation file  would have revealed the falsity of the reported balance and past-due status.

**H. Defendants sought an ex parte receivership, without bond, on the annulled judgment**

28. By cover letter dated June 24, 2026, and filing stamped July 2, 2026, Defendants filed in the justice court not in the county court where the case actually pends "Plaintiff's Motion to Appoint Post-Judgment Receiver Percy T. Beard Pursuant to CPRC 31.002 (Limited Receivership)." (FARIA-0118–0145.)

29. The motion represents that "[t]he Judgment is in all things final, valid, and subsisting," that "[n]o Supersedeas Bond has been filed or approved," and that PRA is a "Judgment Plaintiff" entitled to turnover relief; it asks the court to appoint a receiver *ex parte* expressly urging that Mr. Faria not receive notice to take possession of his bank accounts, without bond, and to order Mr. Faria to pay the receiver a fee of 25% of all amounts recovered, plus expenses, on top of the amounts claimed by PRA. (FARIA-0120–0125.)

30. The motion is supported by the unsworn declaration of PRA's counsel Keawaii Crow, executed June 29, 2026 under penalty of perjury pursuant to Tex. Civ. Prac. & Rem. Code § 132.001, declaring on personal knowledge and after review of the file that the judgment "is in all things final, valid, and subsisting" and that $4,554.80 "remains due and owing." (FARIA-0129.)

31. Each of those representations was false: the judgment had been annulled by the perfected appeal three and a half months earlier; no supersedeas bond was required; PRA was not a judgment creditor; and no statute or contract entitles PRA or its receiver to a 25% fee from Mr. Faria. The motion was served on Mr. Faria and, if granted, would have resulted in the *ex parte* seizure of his bank accounts.

**I. The obligation, if any, remains in active litigation**

32. The underlying alleged debt is the subject of the pending *de novo* appeal in County Court at Law No. 4, in which PRA must prove its claim as if no trial had occurred. Nothing in this Complaint concedes the validity, amount, or ownership of the alleged debt.

**J. Defendants received written notice and an opportunity to cure, and did nothing**

33. On July 15, 2026, Plaintiff emailed Scott, at its collection address Courts@scott-pc.com with a copy to info@spalaw.com, a written demand that Defendants withdraw the Receiver Motion and the April 13, 2026 post-judgment discovery within five business days and confirm the withdrawals in writing. The email attached and summarized the proof of the perfected appeal. (FARIA-0161–0164.)

34. Plaintiff sent the same written demand, dated July 16, 2026, to Scott by USPS Certified Mail No. 9214 8901 4298 0489 1257 90. USPS confirmed delivery in Carrollton, Texas on July 20, 2026 at 9:58 a.m. (FARIA-0156–0160.)

35. On July 16, 2026, Plaintiff filed with the justice court his Objection to, and Motion to Strike or Deny, the Receiver Motion, for want of jurisdiction, with Exhibits A–E including the file-stamped Statement of Inability, the County Clerk's notices, the USPS mailing records, and the justice court's own public docket showing this cause's status as "Appealed." (FARIA-0146–0152.) On July 17, 2026, Plaintiff emailed a copy of that filed Objection to the same Scott addresses. (FARIA-0161–0164.)

36. On July 20, 2026, Plaintiff filed in County Court at Law No. 4, in the pending appeal, his Notice of Plaintiff's Attempted Post-Judgment Enforcement in the Justice Court During This De Novo Appeal, attaching the Receiver Motion and the filed Objection. (FARIA-0153–0155.)

37. Defendants did not respond to the July 15, 2026 email, to the certified letter delivered July 20, 2026, or to the July 17, 2026 email. The five-business-day period expired on July 22, 2026. As of the filing of this Complaint, Defendants have not withdrawn the Receiver Motion, have not withdrawn the April 13, 2026 post-judgment discovery, have not corrected the information reported to Equifax, and have not communicated with Plaintiff in any manner.

38. Defendants' conduct after receiving written notice and documentary proof maintaining a request for the *ex parte* seizure of Plaintiff's bank accounts on an annulled judgment, and continuing to report a past-due balance derived from that judgment was neither inadvertent nor the product of a bona fide error, and demonstrates that the violations alleged were intentional or made in reckless disregard of Defendants' obligations.

## V. SUMMARY CHART OF VIOLATIONS

The following chart summarizes the violations alleged, keyed to the exhibits:

| Date | Actor | Conduct | Provision(s) | Evidence |
|---|---|---|---|---|
| Apr. 13, 2026 | Both Defendants | Served "post-judgment" enforcement discovery on Plaintiff representing that a judgment existed and $4,554.80 was "due and owing," after written notice that the judgment was annulled | 15 U.S.C. § 1692e(2)(A), (5), (10); Tex. Fin. Code §§ 392.301(a)(8), 392.304(a)(8), (19) | FARIA-0069–0082; notice: FARIA-0052–0068 |
| May–June 2026 | PRA | Verified to Equifax, in response to a documented dispute, a balance/past-due of $4,554 based on the annulled judgment and including court costs | 15 U.S.C. §§ 1692e(2)(A), (8); 1692f(1); 1681s-2(b) | FARIA-0103–0117 |
| June 24 – July 2, 2026 | Both Defendants | Sought ex parte appointment of a receiver, without bond, over Plaintiff's bank accounts on a sworn representation that the annulled judgment was "final, valid, and subsisting," and sought a 25% receiver's fee from Plaintiff | 15 U.S.C. § 1692e(2)(A), (5), (10); § 1692f(1); Tex. Fin. Code §§ 392.301(a)(8), 392.303(a)(2), 392.304(a)(8), (19) | FARIA-0118–0145 |

## COUNT I

## FDCPA — 15 U.S.C. § 1692e(2)(A), (5), and (10) — Against Both Defendants

39. Plaintiff incorporates all preceding paragraphs.

40. In connection with the collection of a consumer debt, Defendants used false, deceptive, and misleading representations and means, including: falsely representing the character, amount, and legal status of the alleged debt as a "final, valid, and subsisting" judgment of $4,554.80 when the judgment had been annulled by operation of law (¶¶ 16–22, 28–31); threatening to take and taking action that cannot legally be taken, namely pursuing post-judgment enforcement discovery and an *ex parte* turnover receivership when no judgment existed and the justice court

lacked jurisdiction to grant enforcement relief (¶¶ 20–23, 28–31); and using false representations and deceptive means, including the sworn declaration of counsel contradicted by Defendants' own files and by the notice delivered to them (¶¶ 19, 22, 30–31). Each violates 15 U.S.C. § 1692e(2)(A), (5), and (10), measured by the objective standards applicable to collection communications.

41. Defendants' violations were knowing: written notice of the perfected appeal was mailed to both Defendants on March 19, 2026 and delivered on March 23, 2026, weeks and months before each violation (FARIA-0052–0068, 0165–0168); and Defendants persisted after Plaintiff's written demands of July 15 and 16, 2026 and after service of the filed Objection (¶¶ 33–38).

42. As a direct result, Plaintiff suffered actual damages, including the costs and burden of defending unlawful enforcement, the imminent threatened seizure of his bank accounts, and emotional distress, and is entitled to actual damages, statutory damages, and costs under 15 U.S.C. § 1692k.

**COUNT II**

**FDCPA — 15 U.S.C. § 1692f(1) — Against Both Defendants**

43. Plaintiff incorporates all preceding paragraphs.

44. Defendants used unfair and unconscionable means to collect or attempt to collect the alleged debt by seeking amounts not expressly authorized by the agreement creating the debt or permitted by law, including: $4,554.80 represented as "due and owing" on a non-existent judgment, inclusive of $146.72 in court costs (¶¶ 15, 20, 30–31); a 25% receiver's fee plus expenses to be charged to Plaintiff (¶ 29); and, as to PRA only, a credit-report balance inflated by those same court costs (¶¶ 26–27). Each violates 15 U.S.C. § 1692f(1).

45. Plaintiff is entitled to actual damages, statutory damages, and costs under 15 U.S.C. § 1692k.

**COUNT III**

**FDCPA — 15 U.S.C. § 1692e(8) — Against PRA**

46. Plaintiff incorporates all preceding paragraphs.

47. In connection with the collection of the alleged debt, PRA communicated to a consumer reporting agency credit information which it knew or should have known to be false — verifying in June 2026 that Plaintiff presently owes a balance and past-due amount of $4,554 grounded in the annulled judgment and inclusive of court costs — in violation of 15 U.S.C. § 1692e(8). (¶¶ 24–27; FARIA-0115–0117.)

48. Plaintiff is entitled to actual damages, statutory damages, and costs under 15 U.S.C. § 1692k.

**COUNT IV**

**FCRA — 15 U.S.C. § 1681s-2(b) (willful, § 1681n; alternatively negligent, § 1681o) — Against PRA**

49. Plaintiff incorporates all preceding paragraphs.

50. Plaintiff disputed PRA's tradeline to Equifax, a consumer reporting agency, on May 21, 2026, enclosing documentary proof. (¶ 24; FARIA-0103–0114.) Upon information and belief, Equifax provided PRA notice of the dispute pursuant to 15 U.S.C. § 1681i(a)(2). (¶ 25.)

51. Upon receipt, PRA was obligated by 15 U.S.C. § 1681s-2(b)(1) to conduct a reasonable investigation, review all relevant information provided by the CRA, and correct or delete information that was inaccurate, incomplete, or unverifiable. PRA instead verified the tradeline as accurate, leaving a balance and past-due amount of $4,554 that rests on an annulled judgment and includes court costs foreign to the consumer account. (¶¶ 26–27; FARIA-0115–0117.)

52. PRA's investigation was not reasonable: its own files and its counsel's files contained the County Clerk's written notice of the perfected appeal, and the disputed balance is arithmetically traceable to the annulled judgment ($4,408.08 + $146.72 = $4,554.80). PRA's verification in the

face of actual documented knowledge and its refusal to correct the tradeline after Plaintiff's written demands of July 2026 (¶¶ 33–38) was willful within the meaning of 15 U.S.C. § 1681n or, alternatively, negligent within the meaning of 15 U.S.C. § 1681o.

53. As a direct result, false derogatory information about Plaintiff was maintained and published in his consumer file, damaging his creditworthiness and causing emotional distress. Plaintiff is entitled to actual damages; statutory damages of $100 to $1,000 for willful noncompliance; punitive damages; and costs, under 15 U.S.C. §§ 1681n and 1681o.

**COUNT V**

**Texas Debt Collection Act — Tex. Fin. Code §§ 392.301(a)(8), 392.303(a)(2), 392.304(a)(8) & (19) — Against Both Defendants**

54. Plaintiff incorporates all preceding paragraphs. This Count is based on Defendants' debt-collection and enforcement conduct described in ¶¶ 20–23 and 28–31, not on the content of communications to consumer reporting agencies.

55. In their debt-collection efforts, Defendants: threatened to take and took actions prohibited by law, namely enforcement of an annulled judgment through purported post-judgment discovery and an *ex parte* receivership (§ 392.301(a)(8)); attempted to collect charges and fees incidental to the obligation court costs and a 25% receiver's fee not authorized by the agreement or by law (§ 392.303(a)(2)); and misrepresented the character, extent, and amount of the alleged debt and its status in a judicial proceeding, and used false representations and deceptive means (§ 392.304(a)(8), (19)).

56. Plaintiff is entitled to actual damages and injunctive relief under Tex. Fin. Code § 392.403.

**VI. DAMAGES**

57. As a direct and proximate result of Defendants' conduct, Plaintiff suffered and seeks: (a) actual damages, including out-of-pocket costs of contesting the unlawful enforcement (certified

mailing, copying, filing, and travel expenses), the value of time lost responding to unlawful collection efforts, damage to creditworthiness from the false Equifax tradeline, and emotional distress, in an amount to be proven at trial; (b) statutory damages of up to $1,000 against each Defendant under 15 U.S.C. § 1692k(a)(2)(A); (c) statutory damages of $100 to $1,000 and punitive damages against PRA under 15 U.S.C. § 1681n for willful FCRA noncompliance, or actual damages under § 1681o; (d) injunctive relief under Tex. Fin. Code § 392.403(a)(1); and (e) costs of court. Plaintiff will supplement his damages proof, including any credit denials or rate increases attributable to the false reporting, through discovery and disclosure.

## VII. JURY DEMAND

58. Plaintiff demands a trial by jury on all issues so triable. Fed. R. Civ. P. 38.

## VIII. PRAYER

WHEREFORE, Plaintiff Jaime Faria respectfully requests that the Court enter judgment against Defendants, jointly and severally where the law allows, for: actual damages; statutory damages under 15 U.S.C. § 1692k(a)(2)(A) against each Defendant; statutory and punitive damages against PRA under 15 U.S.C. § 1681n (or actual damages under § 1681o); injunctive relief under Tex. Fin. Code § 392.403(a)(1) restraining further collection or enforcement of the annulled judgment and further false credit reporting; pre- and post-judgment interest as allowed by law; costs of court; and all other relief, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

Jaime Faria
Plaintiff, Pro Se
24911 Bay Mist Ridge Lane
Katy, Texas 77494
Email: fariajaime4151@gmail.com
713-412-8444

# FARIA v. PORTFOLIO RECOVERY ASSOCIATES, LLC, et al.

## EXHIBIT INDEX — Bates Prefix FARIA

| Ex. | Description | Date | Bates Range | Pp. |
|---|---|---|---|---|
| 1 | Debt Validation Letter to Portfolio Recovery Associates, LLC, with USPS Certified Mail Return Receipt (Tracking No. 9589 0710 5270 1697 0955 29, delivered Jan. 7, 2025) | December 23, 2024 | FARIA-0001 – FARIA-0007 | 7 |
| 2 | Portfolio Recovery Associates, LLC — Debt Claim Citation, Petition, and Claim Exhibits (Bill of Sale, Sale File, and Citibank Statements), Cause No. 25-JDC11-06231, Justice Court, Pct. 1, Pl. 1, Fort Bend County | 2025 | FARIA-0008 – FARIA-0029 | 22 |
| 3 | Trial Judgment, Cause No. 25-JDC11-06231 (stamped received by Scott & Associates Feb. 25, 2026) | February 24, 2026 | FARIA-0030 – FARIA-0031 | 2 |
| 4 | Statement of Inability to Afford Payment of Court Costs, file-stamped by the Justice Court, Pct. 1, Pl. 1 (appeal perfected, Tex. R. Civ. P. 506.1(h)) | March 17, 2026 | FARIA-0032 – FARIA-0045 | 14 |
| 5 | Justice Court Certification and Transmittal of the Record to the Fort Bend County Clerk, with Appeal Bond Information Form and Notices of Appeal | March 17-18, 2026 | FARIA-0046 – FARIA-0051 | 6 |
| 6 | Fort Bend County Clerk Notices — Appeal Filed and Docketed in County Court at Law No. 4 on March 18, 2026, Cause No. 26-CCV-078841, mailed to Portfolio Recovery Associates, LLC; Jaime Faria; and Aleshia R. Huffman, Scott & Associates, P.C. | March 19, 2026 | FARIA-0052 – FARIA-0057 | 6 |
| 7 | USPS Mailing Records of the Fort Bend County Clerk — Notice of Appeal Mailed to Portfolio Recovery Associates, LLC and to Aleshia R. Huffman, Scott & Associates, P.C. | March 19, 2026 | FARIA-0058 – FARIA-0068 | 11 |
| 8 | Judgment Creditor's First Set of Written Discovery in Aid of Enforcement of Judgment, served on Jaime Faria by Scott & Associates, P.C. (signed by Aleshia R. Huffman), with cover letter and 15 U.S.C. § 1692e collection notice | April 13-14, 2026 | FARIA-0069 – FARIA-0082 | 14 |
| 9 | Defendant's Motion to Quash Plaintiff's Post-Judgment Discovery and Motion for Protective Order, filed in County Court at Law No. 4, Cause No. 26-CCV-078841, with Exhibits A-B | May 2026 | FARIA-0083 – FARIA-0102 | 20 |
| 10 | FCRA Dispute Letter to Equifax (15 U.S.C. §§ 1681i, 1681s-2(b)), sent USPS Certified Mail No. 9207 1901 4298 0479 7983 32, with enclosures (Bill of Sale; Citibank Statement) | May 21, 2026 | FARIA-0103 – FARIA-0114 | 12 |
| 11 | Equifax Reinvestigation Results — PRA Tradeline *5124 Verified as "Reporting Accurately" with Balance/Past Due of $4,554 (pages 3-4 of 6; complete copy to be supplemented) | June 11, 2026 | FARIA-0115 – FARIA-0117 | 3 |
| 12 | Plaintiff's Motion to Appoint Post-Judgment Receiver Percy T. Beard Pursuant to CPRC 31.002 (Limited Receivership), with cover letter of June 24, 2026, unsworn declaration of Keawaii Crow (June 29, 2026), and Exhibits A-D, filed in the Justice Court July 2, 2026 | June 24 - July 2, 2026 | FARIA-0118 – FARIA-0145 | 28 |

Prepared for drafting purposes. Exhibit 11 is a partial copy (pages 3–4 of 6) and should be replaced with the complete Equifax response when obtained.

# FARIA v. PORTFOLIO RECOVERY ASSOCIATES, LLC, et al.

## SUPPLEMENTAL EXHIBIT INDEX (13–17) — Bates Prefix FARIA

| Ex. | Description | Date | Bates Range | Pp. |
|---|---|---|---|---|
| 13 | Defendant's Objection to, and Motion to Strike or Deny, Plaintiff's Motion to Appoint Post-Judgment Receiver, for Want of Jurisdiction, stamped RECEIVED by the Justice Court, Precinct 1, Place 1, Fort Bend County, Texas | July 16, 2026 | FARIA-0146 – FARIA-0152 | 7 |
| 14 | Defendant's Notice of Plaintiff's Attempted Post-Judgment Enforcement in the Justice Court During This De Novo Appeal, stamped FILED by the Fort Bend County Clerk, County Court at Law No. 4, Cause No. 26-CCV-078841 (filed 2:35 p.m.) | July 20, 2026 | FARIA-0153 – FARIA-0155 | 3 |
| 15 | Plaintiff's written demand to Scott & Associates, P.C. for withdrawal of the receiver motion and post-judgment discovery, sent USPS Certified Mail No. 9214 8901 4298 0489 1257 90, with USPS confirmation of delivery on July 20, 2026 at 9:58 a.m. in Carrollton, Texas | July 16–20, 2026 | FARIA-0156 – FARIA-0160 | 5 |
| 16 | Plaintiff's emails to Scott & Associates, P.C. (Courts@scott-pc.com, cc info@spalaw.com): demand for withdrawal sent July 15, 2026, and service of the filed Objection sent July 17, 2026. No response was received. | July 15 and 17, 2026 | FARIA-0161 – FARIA-0164 | 4 |
| 17 | USPS delivery confirmations for the Fort Bend County Clerk's March 19, 2026 certified-mail notices of the perfected appeal (Certified Mail Nos. 9489 0090 0027 6334 0314 95 and 0314 57), showing delivery in Carrollton, Texas on March 23, 2026 at 9:41 a.m. | March 19–23, 2026 | FARIA-0165 – FARIA-0168 | 4 |

Exhibits 1–12 (FARIA-0001–FARIA-0145) are indexed separately. Exhibit 11 remains a partial copy of the Equifax reinvestigation results (pages 3–4 of 6) pending receipt of the complete document.