# EXHIBIT 12

Plaintiff's Motion to Appoint Post-Judgment Receiver Percy T. Beard Pursuant to CPRC 31.002 (Limited Receivership), with cover letter of June 24, 2026, unsworn declaration of Keawaii Crow (June 29, 2026), and Exhibits A-D, filed in the Justice Court July 2, 2026

*June 24 - July 2, 2026*

Electronically Filed
7/2/2026 7:43 AM
Crow, Kelly N.
Justice of the Peace, Pct 1 Place 1
Fort Bend County, Texas


# SCOTT & ASSOCIATES

*Alabama • California • District of Columbia • Maryland*
*New York • Pennsylvania • South Carolina • Tennessee • Texas • Virginia*
Attorneys at Law
California Debt Collection License No. 12242-99
NYC Dept. of Consumer Affairs Lic. Nos 2044998 and 2045102

**info@spalaw.com** **Toll Free: (866) 298-3155**

Mailing Address
PO Box 115220
Carrollton, TX 75011-5220

Texas Office
6505 W. Park Blvd
Suite 306 - PMB #353
Plano, TX 75093

Hours of Operation (CT)
Monday - Friday
8:00 a.m.- 6:00 p.m.


June 24, 2026

Clerk of the Justice Court
Fort Bend County, Texas
2233 Grand Corner Drive
Katy, TX 77494

Re: Filing of *Plaintiff's Motion to Appoint Post-Judgment Receiver Percy T. Beard Pursuant to CPRC 31.002 (Limited Receivership)*

Cause No. 25-JDC11-06231, *Portfolio Recovery Associates, LLC vs. Jaime Faria*, in the Justice Court of Fort Bend County, Texas

Dear Clerk of the Court:

Enclosed please find an original and one copy of Plaintiff's *Plaintiff's Motion to Appoint Post-Judgment Receiver Percy T. Beard Pursuant to CPRC 31.002 (Limited Receivership).*

Please file the motion in the record of the case and return a filed-stamped copy to our office. A stamped, self addressed envelope has been included for your convenience.

If I can be of any assistance, please do not hesitate to call. As always, thank you for your assistance.

Sincerely,

Legal Assistant
Scott & Associates, PC

Enclosures

(S&A 2958492)

Electronically Filed
7/2/2026 7:43 AM
Crow, Kelly N.
Justice of the Peace, Pct 1 Place 1
Fort Bend County, Texas

**CAUSE NO. 25-JDC11-06231**

| | | |
|---|---|---|
| Portfolio Recovery Associates, LLC<br>Associates, LLC<br>Judgment Creditor, | §<br>§<br>§<br>§ | IN THE JUSTICE COURT |
| vs. | §<br>§ | PRECINCT 1 PLACE 1 |
| Jaime Faria<br>Judgment Debtor(s). | §<br>§ | OF FORT BEND COUNTY, TEXAS |

**PLAINTIFF'S MOTION TO APPOINT POST-JUDGMENT RECEIVER PERCY T. BEARD PURSUANT TO CPRC 31.002 (LIMITED RECEIVERSHIP)**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff Portfolio Recovery Associates, LLC (hereinafter referred to as "Judgment Plaintiff") and files this ***Motion to Appoint a Post-Judgment Receiver Percy T. Beard Pursuant to CPRC 31.002 (Limited Receivership)*** seeking a receivership against Judgment Defendant Jaime Faria (hereinafter referred to at times as "Judgment Defendant"), and in support thereof would respectfully show unto the Court the following:

**FINAL JUDGMENT**

1. On or about February 24, 2026, Portfolio Recovery Associates, LLC obtained a Judgment, attached as **Exhibit "A"**, against Judgment Defendant by this Court in the above-styled case for $4,408.08, plus accrued pre-judgment interest in the amount of $0.00 plus attorneys fees in the amount of $0.00 plus taxable costs of court; with post-judgment interest to accrue thereon as allowed by law (hereinafter referred to as the "Judgment"). The Judgment is in all things final, valid, and subsisting, and as of the date of the filing of this application, it is unsatisfied. No Supersedeas Bond has been filed or approved. As of the filing of this Application, the amount which remains due and owing on the Judgment is $4,554.80.

**JUDGMENT DEFENDANT HAS BEEN UNCOOPERATIVE**

2. Good faith efforts have been made to collect the balance due, including sending a demand letter, filing and serving the lawsuit on the Defendant, and obtaining judgment.

3. Despite the forgoing good faith efforts to collect on the Judgment, Judgment Defendant has been uncooperative and failed to pay the Judgment. Please see Plaintiff's Unsworn Declaration in Support of Motion to Appoint Post-Judgment Receiver Pursuant to CPRC 31.002 as **Exhibit "B"**. As such, Judgment Plaintiff is requesting aid from this Court to collect the Judgment.

**COURT APPOINTED RECEIVER TO AID IN COLLECTING JUDGMENT**

4. Civil Practice and Remedies Code section 31.002 (a) specifically provides that ***a "judgment creditor is entitled to aid from a court of appropriate jurisdiction…"*** and section §31.002 (b)(3) provides ***for the appointment of a receiver to collect the debt***. Judgment Defendant has not paid the judgment; the Judgment Defendant is believed to own property, including present or future rights to property that cannot be readily attached or levied on by ordinary legal process; and the property is not exempt from attachment, execution, or seizure for the satisfaction of liabilities.

**NON-EXEMPT PROPERTY NOT READILY ATTACHED**

5. Plaintiff, after having conducted Post Judgment Discovery attached as **Exhibit "C"**, has reason to believe that Judgment Defendant has a bank account holding non-exempt funds.

***EX PARTE* APPOINTMENT OF POST-JUDGMENT RECEIVER**

6. Under the turnover statute, a court may appoint a receiver *ex parte* with the authority to take possession of the nonexempt property, sell it, and pay the proceeds to the judgment creditor to the extent required to satisfy the judgment. See Tex. Civ. Prac. & Rem. Code § 31.002(b)(3); *Ex Parte Johnson*, 654 S.W.2d 415, 418 (Tex. 1983) (stating that notice and hearing prior to issuance

of the turnover order was not required under predecessor statute); *In re Guardianship of Bays*, 355 S.W.3d 715, 720 (Tex. App.-Fort Worth 2011, no pet.); *Ross v. 3D Tower Ltd.*, 824 S.W.2d 270 (Tex. App.--Houston [14th Dist.] 1992, writ denied); Sivley v. Sivley, 972 S.W.2d 850, 860 (Tex. App.-Tyler 1998, no pet.) ("The [turnover] statute itself does not provide for notice or a hearing to be afforded a judgment debtor in a turnover proceeding."); *Plaza Court v. West*, 879 S.W.2d 271, 276 (Tex. App.--Houston [14th Dist.] 1994, no writ.) (noting the turnover statute does not provide for notice to be afforded a judgment debtor in a turnover proceeding).

7. If made aware of the receivership proceeding, there is a possibility Judgment Defendant will dispose of the property or place it beyond the reach of the Receiver. The Court considering the *ex parte* application can build in protection for the Judgment Defendant into an *ex parte* Order by requiring a further order from the court concerning the disposition of the property in question by the Receiver, and maintaining the status quo during the interim. As such, the proposed Receivership Order prevents disbursement of any recovered funds without an additional order of the Court or Judgment Defendant's consent.

**REQUESTED POST-JUDGMENT RECEIVER**

8. Judgment Plaintiff requests the Court to appoint a receiver pursuant to section 31.002 (b)(3), to take possession of the nonexempt assets and documents related to the assets to satisfy the judgment, including the receiver's fee and costs.

**PROPOSED RECEIVER**

9. Judgment Plaintiff respectfully requests this Court to appoint the following attorney as Receiver of the Judgment Defendant's above-stated non-exempt property:

Percy T. Beard
The Receivers Office
P.O. Box 610230
Dallas, Texas 75261
Phone: (682) 339-1876
Fax: (903) 509-4908

Mr. Beard has served as a turnover receiver in numerous cases and has consented to serve as the receiver in this case. A true and correct copy of Mr. Beard's Curriculum Vitae is attached hereto and incorporated herein for all purposes by reference as **Exhibit "D"**.

**COMPENSATION TO RECEIVER**

10. Judgement Plaintiff respectfully requests this Court order Judgment Defendant to pay as the receiver fee the usual, customary, and necessary 25% of the proceeds recovered during the receivership to the Receiver as compensation for receiver services, and that such compensation shall be paid by Judgment Defendant to the Receiver in addition to the amounts owed to Judgment Plaintiff. Judgment Plaintiff further requests this Court order Judgment Defendant to pay Receiver all out of pocket expenses directly related to the recovery of Judgment Defendant's property in this receivership. Judgment Plaintiff further requests the receiver fee and costs be taxed as costs against Judgment Defendant.

**NO RECEIVER BOND REQUIRED**

11. This is a ***Post-Judgment*** receivership pursuant to CPRC §31.002. The decision whether to require a receiver's bond lies with the Court's discretion. Unlike a bond in a receivership under TRCP 695a to protect the defendant of a wrongfully appointed receiver, the Judgment Plaintiff has already won the Judgment. Judge Hittner's article addressed the need, or lack thereof, for a bond in the event of the appointment of a post-judgment receiver under the Turnover Statute:

There is a strong view that since the underlying obligation has been determined by

> final judgment, ***the judgment debtor will not be harmed if no bond, or merely a nominal bond, is required***. Any bond which may be required should be carefully framed so as not to indemnify the judgment debtor in the traditional sense, as the righteousness of the appointment should have been fully litigated in any hearing pursuant to the new statutes.

*Childre v. Great Sw. Life Ins. Co.*, 700 S.W.2d 284 (Tex. App.--Dallas 1985, no writ) (quoting David Hittner, *Texas Post-Judgment Turnover & Receivership Statutes*, 45 Tex. Bar J. 417, 420) (1982). Judgment Plaintiff respectfully requests this Court to order that no bond for the Receiver be required in this post-judgment matter, but only that the Receiver file an Oath to perform the Receiver's duties.

12. Alternatively, any bond required should not be in an amount that would act as a prohibitive cost or make it economically impossible for Judgment Plaintiff to use the remedies provided in the Turnover Statute. *See Id.* at 289 (quoting Judge Hittner, *supra,* at 420).

[Continued on Next Page]

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Judgment Plaintiff respectfully requests that the Court appoint Percy T. Beard as Receiver to collect the judgment in this case, award attorney's fees, and provide for the payment of fees and costs to the Receiver.

Respectfully submitted,

**SCOTT & ASSOCIATES, P.C.,**

/s/ *Keawaii Crow*

Digitally signed by Keawaii Crow
DN: o=MJSPC, ou=Legal, uid=63729041
Date: 6/29/2026 2:52:30 PM

Michael J. Scott SBN 24000876
Keawaii Crow SBN 24085261
P. O. Box 115220
Carrollton, Texas 75011
Telephone: (214) 234-8456
Facsimile: (214) 234-8454
Courts@scott-pc.com

**ATTORNEYS FOR PLAINTIFF**

# Exhibit A

RECEIVED
S&A 2/25/2026

**25-JDC11-06231**

| | | |
|---|---|---|
| PORTFOLIO RECOVERY ASSOCIATES, LLC | § | IN THE JUSTICE COURT |
| Plaintiff, | § | |
| | § | PRECINCT 1 PLACE 1 |
| vs. | § | |
| | § | |
| JAIME FARIA | § | FORT BEND COUNTY, TEXAS |
| Defendant. | | |

## TRIAL JUDGMENT

On this day came on for trial the above-styled and numbered cause. Plaintiff appeared through counsel and offered proof of its claims. Defendant Jaime Faria did not file and Answer in this matter anddid not appear. This Court, having considered the pleadings of the parties and having heard the evidence presented, hereby FINDS for Plaintiff Portfolio Recovery Associates, LLC.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that judgment is entered for Plaintiff Portfolio Recovery Associates, LLC against Defendant Jaime Faria in the following amounts:

| | |
|---|---|
| Damages in the amount of: | $ 4,408.08 |
| All costs of court, which currently total: | 146.72 |
| Total judgment amount of: | $ 4,554.80 |

Plaintiff has waived recovery of post-judgment interest and has requested that the court enter zero as the post-judgment interest rate.

Please Note:
- You may appeal this judgment by filing a bond, making a cash deposit, or filing a Statement of Inability to Afford Payment of Court Costs within 21 days after this judgment was signed. See Texas Rule of Civil Procedure 506.
- If you are an individual (not a company), your money or property may be protected from being taken to pay this judgment. Find out more by visiting www.texaslawhelp.org/exempt-property. / Si usted es una persona física (y no una compañía), su dinero o propiedad pudieran estar protegidos de ser embargados como pago de esta deuda decretada en juicio en contra suya. Obtenga mayor información visitando el sitio www.texaslawhelp.org/exempt-property.

Entered this 24th day of February, 2026.

JUDGE PRESIDING

Approved and Entry Requested

Scott & Associates, P.C., Attorneys for Plaintiff
Courts@scott-pc.com

S&A 2958492

# Exhibit B

**UNSWORN DECLARATION IN SUPPORT OF MOTION TO APPOINT POST-JUDGMENT RECEIVER PURSUANT TO CPRC 31.002**

Pursuant to Texas Civil Practice and Remedies Code ("TCPRC") §132.001, the undersigned attorney hereby submits the following unsworn declaration in support of the foregoing Motion to Appoint Post-Judgment Receiver under TCPRC §31.002:

1. "My name is Keawaii Crow, my date of birth is XX/XX/1986, and my address is 6505 W. Park Blvd, Suite 306 - PMB #353 Plano, TX 75093. I declare under penalty of perjury that I have reviewed my file pertaining to the account made the subject of the foregoing Motion to Appoint Post-Judgment Receiver and that the statements contained in the foregoing Motion and in this unsworn declaration are within my personal knowledge and are true and correct.

2. I am an attorney for the Plaintiff Portfolio Recovery Associates, LLC ("Plaintiff"). On or about 2/24/2026, judgment was awarded by this Court against Jaime Faria in Case Number 25-JDC11-06231 in the amount of $4408.08, plus taxable costs of court and post judgment interest at the rate of 0.00% ("the Judgment").

3. The Judgment is in all things final, valid, and subsisting, and as of the date of the filing of this application, it is unsatisfied. As of the generation of the Application on June 24, 2026, the amount which remains due and owing on the Judgment is $4,554.80. No Supersedeas Bond has been filed or approved.

4. Based upon my review of the file, good faith efforts were made to collect on the amount due from Defendant, including the specific actions outlined in the Motion. Despite these good faith efforts to collect the balance due, the Judgment remains unsatisfied.

5. Plaintiff is the owner/holder of the judgment and is the current plaintiff-in-judgment. This appointment of a receiver is not sought to injure the Defendant."

Executed in Collin County, State of Texas, on June 29, 2026.

/s/ Keawaii Crow

Digitally signed by Keawaii Crow
DN: o=MJSPC, ou=Legal, uid=63729041
Date: 6/29/2026 2:52:30 PM

Keawaii Crow SBN 24085261

# Exhibit C

**2958492**

Jaime Faria
29127 Cayman Canyon Way
KATY, TX 77494

**ENCLOSED:**

- *Cover Letter*
- *Judgment Creditor's First Set of Written Discovery in Aid of Enforcement of Judgment*

**INSTRUCTIONS**

- Complete Written Discovery
- Return Written Discovery

**IN ACCORDANCE WITH 15 U.S.C. 1692e, PLEASE BE ADVISED THAT THE PURPOSE OF THIS CORRESPONDENCE IS TO COLLECT A DEBT AND THAT ANY INFORMATION OBTAINED FROM YOU WILL BE USED FOR THAT PURPOSE.**

# SCOTT & ASSOCIATES, P.C.

*Alabama | California | District of Columbia | Maryland | Pennsylvania | South Carolina | Tennessee | Texas | Virginia*

**helpdesk@spalaw.com**

Attorneys at Law

**Toll Free: (866) 298-3155**

Mailing Address
PO Box 115220
Carrollton, TX 75011-5220

Texas Office
6505 W Park Blvd
Suite 306 PMB - #356 Plano,
TX 75093

Hours of Operation (CT)
Monday - Friday
8:00 a.m. - 6:00 p.m.


April 13, 2026

Jaime Faria
29127 Cayman Canyon Way
KATY, TX 77494

Re: • Service of Written Discovery in Aid of Enforcement of Judgment

In re: Judgment rendered in the matter of Portfolio Recovery Associates, LLC vs. Jaime Faria, Cause No. 25-JDC11-06231, in the Fort Bend County Justice Court, Precinct 1 Place 1, Fort Bend County, Texas.

Dear Jaime Faria:

As you are aware, Portfolio Recovery Associates, LLC obtained a judgment against you in the above-referenced matter (the "Judgment"). As of todays date there remains the amount of $4,554.80 due and owing on the Judgment.

Enclosed please find Judgment Creditor's First Set of Written Discovery in Aid of Enforcement of Judgment (the "Written Discovery").

If you would like to discuss settlement, please contact us at 866-298-3155 and/or info@scott-pc.com.

Sincerely,

Scott & Associates, PC

Enclosures
2958492

**25-JDC11-06231**

| | | |
|---|---|---|
| **PORTFOLIO RECOVERY ASSOCIATES, LLC** **Plaintiff,** | § § § | **IN THE JUSTICE COURT** |
| **vs.** | § | **PRECINCT 1 PLACE 1** |
| **JAIME FARIA** **Defendant.** | § § § | **FORT BEND COUNTY, TEXAS** |

**JUDGMENT CREDITOR'S FIRST SET WRITTEN DISCOVERY**
**IN AID OF ENFORCEMENT OF JUDGMENT**

TO: Jaime Faria, 29127 Cayman Canyon Way, KATY, TX 77494.

RE: Judgment rendered in the matter of Portfolio Recovery Associates, LLC vs. Jaime Faria, Cause No. 25-JDC11-06231, in the Fort Bend County Justice Court, Precinct 1 Place 1, Fort Bend County, Texas.

Pursuant to Tex.R.Civ.P. 621a, 196, 197 and 198, the above-referenced judgment creditor of a Final Judgment rendered in the above-styled and numbered cause serves this, its *Judgment Creditor's First Set of Written Discovery in Aid of Enforcement of Judgment*.

***Defendant must respond to the Judgment Creditor's requests in writing within thirty (30) days*** of service and Defendant is instructed to produce the requested documents for inspection and copying at the offices of Scott & Associates, PC, 6505 W. Park Blvd Ste 306 - PMB 353, Plano, TX 75093; said production to occur on or before that date.

Respectfully submitted,
**SCOTT & ASSOCIATES, P.C.**

*/s/ Aleshia R. Huffman* Digitally signed by Aleshia R. Huffman DN: o=MJSPC, ou=Legal, uid=63716394 Date: 4/13/2026 9:17:53 AM

[Note: Electronically Signed Pursuant to Tex.R.Civ.Proc. Rule 21(f)(7)]

Michael J. Scott SBN 24000876
Aleshia R. Huffman SBN 24065462
P.O. Box 115220
Carrollton, Texas 75006
Telephone: (214) 234-8456
Facsimile: (214) 234-8454
Postjudgment1@scott-pc.com
**ATTORNEYS FOR PLAINTIFF-IN-JUDGMENT**

**SERVICE**

The foregoing Judgment Creditor's First Set of Written Discovery in Aid of Enforcement of Judgment was served upon the defendant by forwarding same to Jaime Faria at 29127 Cayman Canyon Way, KATY, TX 77494.

Date: 4/14/2026

*/s/ Aleshia R. Huffman*

Aleshia R. Huffman

## RELEVANT PORTIONS OF THE TEXAS RULES OF CIVIL PROCEDURE

**Requests for Production:**

Pursuant to the Texas Rules of Civil Procedure Rule 196.2, ***the above-named Defendant, as the responding party, "must serve a written response on the requesting party within 30 days after service of the request"*** and "[w]ith respect to each item or category of items, the responding party must state objections and assert privileges as required by these rules, and state, as appropriate, that: (1) production, inspection, or other requested action will be permitted as requested; (2) the requested items are being served on the requesting party with the response; (3) production, inspection, or other requested action will take place at a specified time and place, if the responding party is objecting to the time and place of production; or (4) no items have been identified--after a diligent search--that are responsive to the request."

**Interrogatories:**

Pursuant to the Texas Rules of Civil Procedure Rule 197.2, ***the above-named Defendant "must serve a written response on the requesting party within 30 days after service of the interrogatories"*** and "[a] responding party--not an agent or attorney as otherwise permitted by Rule 14--must sign the answers under oath except that: (1) when answers are based on information obtained from other persons, the party may so state, and (2) a party need not sign answers to interrogatories about persons with knowledge of relevant facts, trial witnesses, and legal contentions."

**Requests for Admissions:**

Pursuant to the Texas Rules of Civil Procedure Rule 198.2, ***the above-named Defendant "must serve a written response on the requesting party within 30 days after service of the request"*** and "[u]nless the responding party states an objection or asserts a privilege, the responding party must specifically admit or deny the request or explain in detail the reasons that the responding party cannot admit or deny the request..."

**Alimony, child support or separate maintenance income need not be revealed if you do not wish to have it considered as a basis for repayment.*

**NOTICE - Pursuant to Texas Rules of Civil Procedure Rule 198.2(c), if a response to a Request for Admission is not timely served, the request is considered admitted without the necessity of a court order.**

## INSTRUCTIONS

A. The information which is sought herein concerns not only the knowledge of the specific person(s) answering, but also the knowledge and information possessed by or subject to the control of the Defendant, his/her officers, employees, partnerships, attorneys, investigators, experts, consultants and all other agents, as well as to all persons acting on behalf of any and all such persons/entity.

B. The information requested herein should be answered in context with the definitions and instructions herein provided.

C. No answer is to be left blank. If the answer to an Interrogatory is "none" or "unknown", the word "none" or "unknown" should be written in the answer. If the answer is inapplicable, "N/A" should be written in the answer.

D. These Interrogatories and Requests for Production of Documents are to be deemed continuing until the judgment has been satisfied in full. If additional information within the scope of an Interrogatory or Request for Production of Documents becomes known or available to the Defendant after Defendant serves his/her responses upon the Judgment Creditor, Defendant shall promptly furnish such additional information to the Judgment Creditor by way of supplemental responses.

E. You are to segregate documents produced according to the particular numbered request to which they respond, and in producing the requested documents, to indicate which documents pertain to which numbered request.

## DEFINITIONS

For the purposes of these Interrogatories and Requests for Production of Documents, unless otherwise clearly indicated, the following definitions and instructions shall apply:

1. The term "documents" shall mean all writings of every kind, source, and authorship, both originals and all nonidentical copies thereof, irrespective of whether the writing is one intended for or transmitted internally by the Defendant, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative, or private entity or person. The term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter. It shall include communications in words, symbols, pictures, sound

recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems. For purposes of illustration and not limitation, the term shall include: affidavits; agendas, agreements; analyses; announcements; bills, statements, and other records of obligations and expenditures; books; brochures; bulletins; calendars; canceled checks, vouchers, receipts and other records of payments; charts, drawings; check registers; checkbooks; circulars; collateral files and contents; contracts; corporate by-laws; corporate charters; correspondence; credit files and contents; deeds of trust; deposit slips; diaries, drafts; files; guaranty agreements; instructions; invoices; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; letters; logs, notes, or memoranda of telephonic or face-to-face conversations; manuals; memoranda of all kinds, to and from any persons, agencies, or entities; minutes; minute books; notes; notices; parts lists; papers; press releases; printed matter (including published books, articles, speeches, and newspaper clippings); purchase orders; records; records of administrative, technical, and financial actions taken or recommended; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; specifications; statement of bank accounts; statements, interviews; stock transfer ledger; technical and engineering reports; evaluations, advice, recommendations, commentaries, conclusions, studies, test plans, manuals, procedures, data, reports, results, and conclusions; summaries, notes, and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations; telegrams; and other communications sent or received; transcripts of testimony; UCC instruments; workpapers; and all other writings, the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested.

2. "Persons" means any natural person, firm, corporation, financial institution any governmental agency or entity, joint venture, association, or any other form of business organization.

3. As used herein, the terms "you", "your", and "yourself" shall each refer to the Defendant to whom this *Judgment Creditor's First Set of Written Discovery in Aid of Enforcement of Judgment* is directed, *as well as any spouse, relative, officer, employee, partner, attorney, investigator, expert, consultant and/or other agent acting on behalf of Defendant.*

4. When any corporation, firm, joint venture, association or other form of business association is mentioned, it is deemed to include all its predecessors in interest, parents, subsidiaries, division and affiliates.

5. When an Interrogatory asks you to identify a natural person, the answer shall state:

a. his/her full name;

b. his/her present residence address and telephone number and, if that is not known, the answer shall so state and provide his/her last known residence address and telephone number and the last known date that he/she did business there.

c. his/her present employer or business affiliation and job title;

d. his/her present business address and telephone number, and if that is not known, the answer shall state and shall provide his/her last known business address and telephone number and the last known date that he/she did business there.

6. When an Interrogatory asks you to identify a document, the answer shall state the following with respect to each document:

e. the title, heading or caption of such document, if any;

f. the identifying or descriptive number(s), letter(s), or combination thereof, if any, and the significance or meaning of such number(s) or combination thereof;

g. the date appearing on such document and if no date appears thereon, the answer shall so state and shall give the date, or approximate date, on which such date document was prepared;

h. the general nature or description of such document (i.e., whether it is a letter, memorandum, minutes of meeting, etc.) and the number of pages of which it consists;

i. the identity of person who signed such document and, if it was not signed, the answer shall so state and shall give the identity of the person(s) who prepare it;

j. if the document is an agreement or contract, separately identify the parties thereto as well as each of

the signatures of the respective parties and if the agreement or contract was supplemented, identify each such amendment or supplement;

k. the general subject matter of such documents;

l. The location(s) where the documents has been stored at all times from the first time that you became aware of the document to the present date, the identity of the person(s) presently having possession, custody and/or control of such document; and

m. whether or not any draft, copy or reproduction of such document contains any postscript, notation, change or addendum not appearing on such document itself; and if so, the answer shall identify each such draft, copy or reproduction.

The foregoing information shall be given in sufficient detail to enable Plaintiff's counsel to (1) identify fully the document sought to be produced, (2) know what such document is and to retrieve it from a file or wherever it may be located, and (3) determine what was produced is, in fact, the document so identified.

In lieu of identifying a document as specified above, Defendant may produce such document for inspection and copying by Judgment Creditor and if this alternative is selected, Defendant shall so state.

If any document sought to be identified by these Interrogatories or to be produced pursuant to these Requests for Productions was, but is no longer in your possession, custody or control, or in existence, state whether it is missing or lost, has been destroyed, has been transferred, voluntarily or involuntarily, to others, or otherwise has been disposed of. In each instance explain the circumstances surrounding the disposition of the document and state the date or approximate date in which it passed from your possession, custody or control or on which it ceased to be in existence.

Should you deem to be privileged any document concerning which information or identification is requested by any of the following Interrogatories, or, the production of which is requested in these Requests for Production, you shall identify such documents in the manner above indicated, and in addition, shall indicate that you claim privilege therefor, and shall briefly state the ground on which the claim or privilege rests.

7. When an Interrogatory asks or requires you to identify a corporation, firm partnership, proprietorship, or other form of business association or venture, the answer shall state:

a. its full name, together with statutory agent, if any;

b. the address of the principal place of business and all other places of business present or last known.

8. Unless otherwise specified in a particular request the "Time Period" for production shall be April 13, 2021, to the present.

9. Please note that you are under a duty to produce all documents in your possession, custody, or control which includes not only documents in your actual possession, but also includes documents under your control including documents that can be obtained from a third party upon request.

10. Please note that a request is also specifically made for production of any data or information that exists in electronic or magnetic form. Any such information should be placed on CD, DVD or USB Drive. You are under a continuing duty to produce documents that come into your possession, custody or control subsequent to the production date that is responsive to these discovery requests.

[The Remainder of this Page was Intentionally Left Blank]

## REQUEST FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1:** Admit that you have a bank account.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 2:** Admit that your bank account cannot be readily attached or levied on by ordinary legal process.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 3:** Admit that funds located in your bank account are not exempt from attachment, execution, or seizure that would prevent them from being credited toward the Judgment.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 4:** Admit that funds located in your bank account are not proceeds of exempt property.

**REQUEST FOR ADMISSION NO. 5:** Admit that you do not possess property within the State of Texas and subject to execution which is sufficient to satisfy the Judgment.

**RESPONSE:**

## INTERROGATORIES

**INTERROGATORY NO. 1:** What is your full first, middle and last name?

**ANSWER:**

**INTERROGATORY NO. 2:** If you have an ownership interest in any real property (land), **for each parcel**, please state:

a. The address and legal description of the property.

**ANSWER:**

**INTERROGATORY NO. 3:** If you maintain any business, personal or joint savings account, checking account, certificate of deposit, money market account, individual retirement account, KEOGH account, or trust account (either as settler, trustee or beneficiary), for each such account state:

a. The name and physical address of the bank or institution holding the account.

**ANSWER:**

b. The name and phone number under which the account is held.

**ANSWER:**

c. Whether the account is business, personal or joint account.

**ANSWER:**

d. The balance of the account as of the date you answered these Interrogatories.

**ANSWER:**

e. The account number.

**ANSWER:**

**INTERROGATORY NO. 4:** If you are entitled to any money from any state, city, or federal government or agency or department thereof, please give the details thereof.

**ANSWER:**

**INTERROGATORY NO. 5:** If you or your spouse owe any debts, then state the name, address, and telephone number of each creditor, amount owed, the date the debt was incurred, and a description of any security given.

**ANSWER:**

**INTERROGATORY NO. 6:** Identify any bank account(s) that contain(s) any funds that are exempt from attachment, execution, or seizure that would prevent them from being credited toward the Judgment.

**ANSWER:**

**INTERROGATORY NO. 7:** Identify any bank account(s) that contain(s) any funds that are the proceeds of exempt property.

**ANSWER:**

**REQUEST FOR PRODUCTION**

**I. BANK RECORDS**

**REQUEST FOR PRODUCTION NO. 1:** Please produce any and all documents and records of checking, savings, or any other bank of account, foreign or domestic, maintained by you or your spouse with any bank of financial institution during the last five years, including but not limited to monthly account statements, checks, check registers, check stubs, canceled checks, and deposit slips.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:** Please produce any and all documents that refer to, relate to, reflect or concern any transfers made to or from any financial account held for the benefit of yourself and/or your spouse by any third party, for the last five years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:** Please produce any and all signature cards that you and/or your spouse as an authorized signatory on any financial account, for any entity or other third party, for the past five years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:** Please produce any and all documents submitted to any bank financial institution, or any other person or entity, by yourself and/or your spouse, for any loan or advance, in any capacity (borrower, guarantor, or surety) for the past five years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:** Please produce any and all documents concerning any interest in, or claimed title to, any certificates of deposit, letters of credit, money orders, cashier's checks, traveler's checks, bank deposits or escrow funds owned or held by yourself and/or your spouse in the past five years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:** Please produce any and all documents related to any account in which any of your earnings or other income have been deposited in the past five years, whether you continued to have an interest in the account or not.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:** Please produce any and all documents you and/or your spouse have showing authority to access any safe deposit box or other bank-secured area, for the last five years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:** If any of the bank accounts you have identified in response to any of the Requests for Admissions, Interrogatories and/or Requests for Production contain any funds that are exempt from attachment, execution, or seizure that would prevent them from being credited toward the Judgment or contain any funds that are the proceeds of exempt property, please produce any and all documents in your possession that support/demonstrate that such funds are exempt or are the proceeds of exempt property.

**RESPONSE:**

## II REAL PROPERTY

**REQUEST FOR PRODUCTION NO. 9:** Please produce any and all documents that refer to, reflect, or relate to any real property owned by yourself and/or your spouse in the past five years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:** Please produce any and all documents evidencing ownership of real property in which you and/or your spouse enjoys a direct or indirect beneficial interest.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:** Please produce any and all deeds/mortgages to which you and/or your spouse holds property as tenants by the entireties, tenants in common, community property, or joint tenants.

**RESPONSE:**

## III. PERSONAL PROPERTY

**REQUEST FOR PRODUCTION NO. 12:** Please produce any and all documents evidencing any interest you and/or your spouse may have in any patents, trademarks, copyrights, franchises, royalties of any kind, oil and gas rights, timber rights, or mineral rights.

**RESPONSE:**

## IV. BUSINESS INTERESTS/EMPLOYMENT

**REQUEST FOR PRODUCTION NO. 13:** Please produce any and all documents that identify the name and address of any person or entity that has employed yourself and/or you and spouse within the past five years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:** Please produce any and all documents referring in any way, directly or indirectly, to any and all businesses in which you and/or your spouse is a stockholder, partner, member, officer, director, owner, or registered agent.

**RESPONSE:**

## V. INVESTMENTS

**REQUEST FOR PRODUCTION NO. 15:** Please produce any and all documents and records of stocks, bonds, mutual funds, debentures, certificates of deposit or any other investment vehicle owned or held for the benefit of yourself and/or your spouse.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:** Please produce any and all rent rolls for all properties in which you and/or your spouse has had an ownership interest in for the past five years.

**RESPONSE:**

## VI. GENERAL

**REQUEST FOR PRODUCTION NO. 17:** Please produce any and all financial statements that you and/or your spouse has or had prepared for any lender or creditor in the past five years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:** Please produce any and all professional licenses that are held by yourself and/or your spouse.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19:** Please produce any and all drivers licenses of yourself and/or your spouse.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20:** Please produce any and all divorce decrees and any affidavits submitted in any divorce proceedings in which you were involved during your adult life.

**RESPONSE:**

## VERIFICATION OF ANSWERS

I, ______________________________, being first duly cautioned and sworn, do testify under penalty of perjury that I am duly qualified and authorized in all respects to make this affidavit, that I have read the foregoing Answers to Interrogatories and Responses to Requests for Production, and that said Answers and Responses are within my personal knowledge and true and correct.

____________________________________

SUBSCRIBED AND SWORN TO BEFORE ME on this ____ day of _________, 20__. in the State of ________________, and County of ___________________.

____________________________________
Notary Public, State of Texas

# Exhibit D

# Percy T. BEARD

110 North College Avenue, Suite 1700, Tyler, Texas 75702
Phone (903) 509-4900 Email: ty@beardandharris.com

---

## EDUCATION

- **Southern Methodist University School of Law,** University Park, Texas – *Juris Doctorate,* May 1996
- **University of Texas at Tyler,** Tyler, Texas – *Bachelor of Science in History*

---

## ADMISSIONS/ORGANIZATIONS

- **Licensed to Practice Law** – Supreme Court of Texas (Bar No. 00796181); U.S. District Court and Bankruptcy Court for the Eastern District of Texas; U.S. District Court for the Northern District of Texas.
- **Board Member, John Soules School of Business, University of Texas at Tyler**
- **Founder, Beard and Harris Law Firm**
- **General Partner of ETI Investments, LLC,** private equity firm.
- **Chairman of the Board, Tango Networks, Inc.**

---

## PRACTICE AREAS

- **Fiduciary** – Extensive experience as an executor on estates as large as $60 million. Serves as trustee for trusts with assets as high as $30 million in value.
- **Banking Transactions** – Represents banks and businesses in large commercial loan transactions.
- **Commercial Litigation** – Represent clients in commercial litigation matters, including collections, contract dispute and employment law matters.
- **Merger and Acquisitions** – Handled over 100 merger/acquisitions including $272 million sale to large public company.
- **Estate Planning** – Includes planning for large estates in excess of $1 billion.
- **Corporate Structuring** – Design and implement corporate structuring and restructuring plans. Have formed over 150 entities.
- **Asset Protection Planning** – Advise clients on structuring holdings to defeat creditor claims.
- **Real Estate Transactions** – Structuring and negotiating buying, selling, and leasing real estate, including finance.
- **Receiverships** – My extensive experience with various classes of assets, business entity structures, trusts and money flows allows me to discover recoverable assets quickly and efficiently and to penetrate common structures used to inhibit creditor claims.

---

## PROFESSIONAL EXPERIENCE

2006 – Present **Beard and Harris**

Business planning, merger/acquisitions, banking transactions, corporate structuring, real estate, estate planning and asset protection planning.

1996 – 2007 **Ty Beard, PC**

Estate and business planning, merger/acquisitions, banking transactions, corporate structuring, real estate, and asset protection planning.

# EXHIBIT 13

Defendant's Objection to, and Motion to Strike or Deny, Plaintiff's Motion to Appoint Post-Judgment Receiver, for Want of Jurisdiction, stamped RECEIVED by the Justice Court, Precinct 1, Place 1, Fort Bend County, Texas

*July 16, 2026*

| | | |
|---|---|---|
| PORTFOLIO RECOVERY ASSOCIATES, LLC, Plaintiff, | § | IN THE JUSTICE COURT |
| | § | |
| | § | PRECINCT 1, PLACE 1 |
| | § | |
| v. | § | CAUSE NO. 25-JDC11-06231 |
| | § | |
| JAIME FARIA, Defendant. | § | FORT BEND COUNTY, TEXAS |

RECEIVED
JUL 16 2026
JUSTICE COURT, PCT. 1, PL. 1
FORT BEND COUNTY, TX

**DEFENDANT'S OBJECTION TO, AND MOTION TO STRIKE OR DENY, PLAINTIFF'S MOTION TO APPOINT POST-JUDGMENT RECEIVER, FOR WANT OF JURISDICTION**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Jaime Faria, appearing pro se, files this Objection to, and Motion to Strike or Deny, Plaintiff's Motion to Appoint Post-Judgment Receiver Percy T. Beard Pursuant to CPRC 31.002 (the "Receiver Motion"), filed in this Court on July 2, 2026, and respectfully shows:

**I. BACKGROUND**

1. On February 24, 2026, this Court signed a judgment in favor of Plaintiff in this cause in the total amount of $4,554.80 (the "Justice Court Judgment").

2. On March 17, 2026 within 21 days after the judgment was signed Defendant timely filed with this Court a Statement of Inability to Afford Payment of Court Costs on the form approved by the Supreme Court of Texas, to appeal the Justice Court Judgment. A true and correct copy of the file-stamped Statement is attached as Exhibit A. See Tex. R. Civ. P. 506.1(a), (d).

3. Under Texas Rule of Civil Procedure 506.1(h), "[a]n appeal is perfected when a bond, cash deposit, or Statement of Inability to Afford Payment of Court Costs is filed in accordance with this rule." Defendant's appeal was therefore perfected on March 17, 2026. No bond or cash

deposit is required to perfect an appeal by Statement, and Plaintiff did not obtain an order sustaining any contest to the Statement.

4. On March 17, 2026, this Court certified the record and transmitted the transcript and original papers of this cause to the Fort Bend County Clerk. A true and correct copy of this Court's certification and transmittal correspondence is attached as Exhibit B.

5. On March 18, 2026, the appeal was filed and docketed in the County Court at Law No. 4 of Fort Bend County, Texas, under Cause No. 26-CCV-078841, where it remains pending for trial de novo. See Tex. R. Civ. P. 506.3.

6. On March 19, 2026, the Fort Bend County Clerk mailed written notice of the appeal and of the County Court docketing to Plaintiff and to Plaintiff's counsel of record, Aleshia R. Huffman of Scott & Associates, P.C., by U.S. first-class mail, as reflected in the Clerk's notices and USPS mailing records attached as Exhibit C.

7. Notwithstanding the perfected appeal and the actual notice mailed to Plaintiff's counsel, on or about April 13, 2026, Scott & Associates, P.C., over the signature of the same Aleshia R. Huffman, served Defendant with "Judgment Creditor's First Set of Written Discovery in Aid of Enforcement of Judgment." Defendant's Motion to Quash that discovery and for Protective Order is pending in County Court at Law No. 4 and is attached as Exhibit D.

8. On July 2, 2026, Plaintiff filed the Receiver Motion in this Court, supported by the unsworn declaration of its counsel, Keawaii Crow, made under penalty of perjury, stating that the Justice Court Judgment "is in all things final, valid, and subsisting" and that "[n]o Supersedeas Bond has been filed or approved." The Receiver Motion seeks the ex parte appointment of a receiver over Defendant's bank accounts, with a 25% receiver's fee to be charged against Defendant, without bond.

9. At all relevant times including the date the Receiver Motion was signed and the date it was filed this Court's own public case-records system has displayed the status of this cause, No. 25-JDC11-06231, as "Appealed." A true and correct copy of the public docket record is attached as Exhibit E.

## II. ARGUMENT

### A. The perfected appeal vacated and annulled the Justice Court Judgment.

"Perfection of an appeal to county court from a justice court for trial de novo vacates and annuls the judgment of the justice court." *Villalon v. Bank One*, 176 S.W.3d 66, 69–70 (Tex. App.—Houston [1st Dist.] 2004, pet. denied); *accord In re Garza*, 990 S.W.2d 372, 374 (Tex. App.—Corpus Christi 1999, orig. proceeding); *Richard v. Taylor*, 886 S.W.2d 848, 851 (Tex. App.—Beaumont 1994, writ denied). The appeal proceeds by trial de novo, "a new trial in which the entire case is presented as if there had been no previous trial." Tex. R. Civ. P. 506.3. Because Defendant perfected his appeal on March 17, 2026 by filing a Statement of Inability in accordance with Rule 506.1, the Justice Court Judgment was vacated and annulled as of that date. There is no judgment to enforce. The Receiver Motion's assertion that no "Supersedeas Bond" was filed is beside the point: no supersedeas bond is required to perfect an appeal from a justice court, and an appellant who files a Statement of Inability perfects the appeal without any bond or deposit at all. Tex. R. Civ. P. 506.1(d), (h).

### B. This Court lacks jurisdiction to grant post-judgment enforcement relief.

Section 31.002 of the Civil Practice and Remedies Code affords turnover relief only to a "judgment creditor" seeking to satisfy a judgment. Tex. Civ. Prac. & Rem. Code § 31.002(a). Because the Justice Court Judgment was annulled by the perfected appeal, Plaintiff is not a judgment creditor, no judgment exists to satisfy, and this Court is not a "court of appropriate

jurisdiction" to grant enforcement relief in a cause that now pends de novo in County Court at Law No. 4. Upon perfection of the appeal and transmission of the record, this cause left this Court; any receivership, turnover, or other enforcement order entered here would be void.

**C. The Receiver Motion rests on representations contradicted by the record, made with actual notice of the appeal.**

The Receiver Motion and its supporting declaration represent under penalty of perjury that the Justice Court Judgment is "in all things final, valid, and subsisting." This Court's own file, the County Clerk's March 19, 2026 notices, and the USPS mailing records (Exhibits A–C) establish the contrary and establish that those notices were mailed directly to Plaintiff's counsel of record more than three months before the Receiver Motion was signed. Moreover, this Court's own public case-records system has at all relevant times displayed the status of this cause as "Appealed" (Exhibit E) information available to Plaintiff's counsel, who declared under penalty of perjury that she had "reviewed [her] file," upon the most minimal inquiry. Defendant respectfully requests that the Court consider whether the Receiver Motion is groundless and filed in bad faith or for the purpose of harassment under Texas Rule of Civil Procedure 13 and Chapter 10 of the Civil Practice and Remedies Code, and impose any sanction the Court deems just.

**D. No ex parte relief should issue.**

Plaintiff asks this Court to appoint a receiver ex parte, without notice or hearing, to seize Defendant's bank accounts and to charge Defendant a 25% receiver's fee. Defendant objects to any ex parte relief and requests that no order be signed on the Receiver Motion without notice to Defendant and an opportunity to be heard. Given the jurisdictional defect apparent on the face of the record, the Receiver Motion should be stricken or summarily denied.

## III. PRAYER

For these reasons, Defendant Jaime Faria respectfully requests that the Court: (1) strike or deny Plaintiff's Motion to Appoint Post-Judgment Receiver for want of jurisdiction; (2) decline to enter any order on the Receiver Motion ex parte; (3) consider sanctions under Rule 13 and Chapter 10 of the Civil Practice and Remedies Code; and (4) grant Defendant all other relief to which he may be justly entitled.

Respectfully submitted,

Jaime Faria
Defendant, Pro Se
29127 Cayman Canyon Way
Katy, Texas 77494
Email: fariajaime4151@gmail.com

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing Notice was served on Plaintiff Portfolio Recovery Associates, LLC, through its counsel of record, Scott & Associates, P.C. (Michael J. Scott, Keawaii Crow, and Aleshia R. Huffman), P.O. Box 115220, Carrollton, Texas 75011-5220, by email to Courts@scott-pc.com and by U.S. first-class mail, on this 16 day of July, 2026.

Jaime Faria
Defendant, Pro Se
29127 Cayman Canyon Way
Katy, Texas 77494
Email: fariajaime4151@gmail.com

# EXHIBIT 14

Defendant's Notice of Plaintiff's Attempted Post-Judgment Enforcement
in the Justice Court During This De Novo Appeal, stamped FILED by the
Fort Bend County Clerk, County Court at Law No. 4,
Cause No. 26-CCV-078841 (filed 2:35 p.m.)

*July 20, 2026*

| | | |
|---|---|---|
| PORTFOLIO RECOVERY ASSOCIATES, LLC, Plaintiff, | § | IN THE COUNTY COURT |
| | § | |
| | § | AT LAW NO. 4 |
| | § | |
| v. | § | CAUSE NO. 26-CCV-078841 |
| | § | |
| JAIME FARIA, Defendant. | § | FORT BEND COUNTY, TEXAS |

**DEFENDANT'S NOTICE OF PLAINTIFF'S ATTEMPTED POST-JUDGMENT ENFORCEMENT IN THE JUSTICE COURT DURING THIS DE NOVO APPEAL**

TO THE HONORABLE JUDGE:

Defendant Jaime Faria, pro se, respectfully notifies the Court of the following, which bears on Defendant's pending Motion to Quash Plaintiff's Post-Judgment Discovery and Motion for Protective Order:

1. This cause is Defendant's perfected de novo appeal from the judgment signed February 24, 2026 in Cause No. 25-JDC11-06231 in the Justice Court, Precinct 1, Place 1, Fort Bend County. The appeal was perfected on March 17, 2026 and docketed in this Court on March 18, 2026. Perfection of the appeal vacated and annulled the justice court judgment. Villalon v. Bank One, 176 S.W.3d 66, 69–70 (Tex. App.—Houston [1st Dist.] 2004, pet. denied); Tex. R. Civ. P. 506.1(h), 506.3.

2. On July 2, 2026, notwithstanding this pending appeal, Plaintiff filed in the justice court a Motion to Appoint Post-Judgment Receiver Percy T. Beard Pursuant to CPRC 31.002, seeking the ex parte appointment of a receiver over Defendant's bank accounts, supported by a declaration of Plaintiff's counsel made under penalty of perjury that the annulled judgment "is in all things final, valid, and subsisting." A true and correct copy of that motion is attached as Exhibit 1.

3. On this date, Defendant filed in the justice court an Objection to, and Motion to Strike or Deny, the receiver motion for want of jurisdiction. A true and correct copy is attached as Exhibit 2.

4. Defendant provides this notice so that the record in this Court reflects Plaintiff's continued attempts to enforce the annulled judgment while this de novo appeal is pending the same course of conduct at issue in Defendant's pending Motion to Quash and respectfully requests that the Court set Defendant's Motion to Quash and Motion for Protective Order for hearing at the Court's earliest convenience.

Respectfully submitted,

Jaime Faria
Defendant, Pro Se
[redacted]
Email: fariajaime4151@gmail.com

FILED
2026 JUL 20 PM 2:35
COUNTY CLERK
FORT BEND COUNTY TEXAS

# EXHIBIT 15

Plaintiff's written demand to Scott & Associates, P.C. for withdrawal of the receiver motion and post-judgment discovery, sent USPS Certified Mail No. 9214 8901 4298 0489 1257 90, with USPS confirmation of delivery on July 20, 2026 at 9:58 a.m. in Carrollton, Texas

*July 16–20, 2026*

14443074.1.1-21

**USPS CERTIFIED MAIL**

**9214 8901 4298 0489 1257 90**

*CERTIFIED MAIL*

Jaime Faria
29127 Cayman Canyon Way
Katy TX 77494

0014443074000011
Scott & Associates, P.C.
Attn: Michael J. Scott, Keawaii Crow,
and Aleshia R. Huffman
P.O. Box 115220
Carrollton TX 75011-5220

14443074.1.2-21

**Jaime Faria**

29127 Cayman Canyon Way

Katy, Texas 77494

fariajaime4151@gmail.com

July 16, 2026

**VIA EMAIL (Courts@scott-pc.com) AND CERTIFIED MAIL, RETURN RECEIPT REQUESTED**

Scott & Associates, P.C.

Attn: Michael J. Scott, Keawaii Crow, and Aleshia R. Huffman

P.O. Box 115220

Carrollton, Texas 75011-5220

**Re: Demand for immediate withdrawal of Motion to Appoint Post-Judgment Receiver; Cause No. 25-JDC11-06231 (Justice Court, Pct. 1, Pl. 1, Fort Bend County); appeal pending as Cause No. 26-CCV-078841 (County Court at Law No. 4, Fort Bend County); your file S&A 2958492**

Dear Counsel:

On March 17, 2026, I timely perfected an appeal of the February 24, 2026 justice court judgment in the above cause by filing a Statement of Inability to Afford Payment of Court Costs. Tex. R. Civ. P. 506.1(a), (d), (h). The justice court certified and transmitted the record the same day. The appeal was docketed in County Court at Law No. 4 of Fort Bend County on March 18, 2026 as Cause No. 26-CCV-078841, where it remains pending for trial de novo. Perfection of the appeal vacated and annulled the justice court judgment. *Villalon v. Bank One*, 176 S.W.3d 66, 69–70 (Tex. App.—Houston [1st Dist.] 2004, pet. denied); Tex. R. Civ. P. 506.3.

On March 19, 2026, the Fort Bend County Clerk mailed written notice of the appeal to Portfolio Recovery Associates, LLC and to Ms. Huffman at your firm. I hold the Clerk's file copies of those notices and the USPS mailing records. Your firm therefore had actual notice of the perfected appeal before Ms. Huffman signed and served the April 13, 2026 "Written Discovery in Aid of Enforcement of Judgment," and more than three months before Ms. Crow signed the

14443074.1.3-21

June 29, 2026 Motion to Appoint Post-Judgment Receiver and its supporting declaration, made under penalty of perjury, stating that the judgment "is in all things final, valid, and subsisting."

There is no final judgment. Your firm's attempts to enforce an annulled judgment — including seeking the ex parte appointment of a receiver over my bank accounts with a 25% receiver's fee charged to me — misrepresent the legal status of the alleged debt, threaten action that cannot legally be taken, and seek to collect amounts not permitted by law or agreement. Such conduct implicates, among other provisions, 15 U.S.C. §§ 1692e(2)(A), 1692e(5), 1692e(10), and 1692f(1), and Tex. Fin. Code §§ 392.301(a)(8), 392.303(a)(2), and 392.304(a)(8).

I demand that, within five (5) business days of the date of this letter, Scott & Associates, P.C. and Portfolio Recovery Associates, LLC: (1) withdraw the Motion to Appoint Post-Judgment Receiver filed in the justice court; (2) withdraw the April 13, 2026 post-judgment discovery; and (3) confirm both withdrawals to me in writing. If an order appointing a receiver is signed in the interim, I expect your firm to move immediately to vacate it.

This letter is written without waiver of, and with full reservation of, all rights, claims, and remedies, including claims under the Fair Debt Collection Practices Act and the Texas Debt Collection Act. Please preserve all documents and electronically stored information relating to this account, the judgment, the appeal, the discovery, and the receivership motion.

Sincerely,

Jaime Faria

*Enclosures: file-stamped Statement of Inability (Mar. 17, 2026); County Clerk notices and USPS mailing records (Mar. 18–19, 2026)*

**UNITED STATES POSTAL SERVICE**

Date Produced: 07/27/2026

LETTERSTREAM:

The following is the delivery information for Certified Mail™/RRE item number 9214 8901 4298 0489 1257 90. Our records indicate that this item was delivered on 07/20/2026 at 09:58 a.m. in CARROLLTON, TX 75006. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :




Thank you for selecting the Postal Service for your mailing needs. If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

# EXHIBIT 16

Plaintiff's emails to Scott & Associates, P.C. (Courts@scott-pc.com, cc info@spalaw.com): demand for withdrawal sent July 15, 2026, and service of the filed Objection sent July 17, 2026.
No response was received.

*July 15 and 17, 2026*

Gmail Jaime Faria <fariajaime4151@gmail.com>

**Demand for Withdrawal of Motion to Appoint Post-Judgment Receiver — Cause No. 25-JDC11-06231 (Justice Court, Fort Bend Cty.) / Appeal Pending: Cause No. 26-CCV-078841 (County Court at Law No. 4) — Your File S&A 2958492**

2 messages

**Jaime Faria** <fariajaime4151@gmail.com> Wed, Jul 15, 2026 at 11:38 PM
To: Courts@scott-pc.com
Cc: info@spalaw.com

Dear Counsel:

Attached is my formal demand letter, also sent this week by certified mail, return receipt requested, concerning the above-referenced matter.

As the attached letter and its enclosures establish, I perfected an appeal of the February 24, 2026 justice court judgment on March 17, 2026 by filing a Statement of Inability to Afford Payment of Court Costs. The appeal was docketed in County Court at Law No. 4 on March 18, 2026 as Cause No. 26-CCV-078841, and the Fort Bend County Clerk mailed written notice of the appeal to your firm, to the attention of Ms. Aleshia R. Huffman, on March 19, 2026. Under settled Texas law, the perfected appeal vacated and annulled the justice court judgment. There is no final judgment to enforce.

I demand that, within five (5) business days, your firm and Portfolio Recovery Associates, LLC: (1) withdraw the Motion to Appoint Post-Judgment Receiver filed in the justice court on July 2, 2026; (2) withdraw the April 13, 2026 post-judgment discovery; and (3) confirm both withdrawals to me in writing at this email address.

Please preserve all documents and electronically stored information relating to this account, the judgment, the appeal, the discovery, the receivership motion, and all credit reporting on this account. This email is sent without waiver of, and with full reservation of, all rights and remedies, including under the FDCPA and the Texas Debt Collection Act.

Sincerely,

Jaime Faria
Defendant, Pro Se
Cause No. 25-JDC11-06231 / 26-CCV-078841

---

**02_Demand_Letter_Scott_and_Associates.pdf**
95K

---

**Jaime Faria** <fariajaime4151@gmail.com> Wed, Jul 15, 2026 at 11:40 PM
To: Courts@scott-pc.com
Cc: info@spalaw.com

[Quoted text hidden]

**2 attachments**

**DocumentFragment_31991913-3.pdf**
1798K

**https:tylerpaw.fortbendcountytx.gov:PublicAccess:ViewDocumentFragment.aspx?DocumentFragmentID=32282941&SecurityToken=F03E43DC-6166-4A56-84F2-8C77B3F6BC9B.pdf**
2453K

Gmail

Jaime Faria <fariajaime4151@gmail.com>

# SERVICE OF FILED DOCUMENT — Defendant's Objection and Motion to Strike Plaintiff's Motion to Appoint Post-Judgment Receiver — Cause No. 25-JDC11-06231, Justice Court, Pct. 1, Pl. 1, Fort Bend County / Appeal Pending: Cause No. 26-CCV-078841 — Your File S&A 2958492

1 message

**Jaime Faria** <fariajaime4151@gmail.com> Fri, Jul 17, 2026 at 12:34 PM
To: Courts@scott-pc.com
Cc: info@spalaw.com

Dear Counsel:

Please find attached, in accordance with the certificate of service, a true and correct copy of Defendant's Objection to, and Motion to Strike or Deny, Plaintiff's Motion to Appoint Post-Judgment Receiver, for Want of Jurisdiction, with Exhibits A–E, filed with the Justice Court, Precinct 1, Place 1, Fort Bend County, Texas, on July 16, 2026.

As set forth in the filing: Defendant perfected his appeal on March 17, 2026 (Exhibit A); the appeal has been pending in County Court at Law No. 4 as Cause No. 26-CCV-078841 since March 18, 2026 (Exhibit B–C); the Fort Bend County Clerk mailed written notice of the appeal to your firm on March 19, 2026 (Exhibit C); and the Justice Court's own public docket has displayed this case's status as "Appealed" at all relevant times (Exhibit E). The perfected appeal vacated and annulled the judgment your motion seeks to enforce. *Villalon v. Bank One*, 176 S.W.3d 66, 69–70 (Tex. App.—Houston [1st Dist.] 2004, pet. denied).

My demand of July 15, 2026 for withdrawal of the receiver motion and the April 13, 2026 post-judgment discovery remains outstanding. Please confirm both withdrawals in writing.

All rights and remedies remain fully reserved, including under the FDCPA and the Texas Debt Collection Act. Please continue to preserve all documents and electronically stored information relating to this account and these proceedings.

Sincerely,

Jaime Faria
Defendant, Pro Se
Cause Nos. 25-JDC11-06231 / 26-CCV-078841

---

**Doc - Jul 17 2026 - 12-12 PM.pdf**
1877K

# EXHIBIT 17

USPS delivery confirmations for the Fort Bend County Clerk's March 19, 2026 certified-mail notices of the perfected appeal (Certified Mail Nos. 9489 0090 0027 6334 0314 95 and 0314 57), showing delivery in Carrollton, Texas on March 23, 2026 at 9:41 a.m.

*March 19–23, 2026*

14456404.1.10-20

UNITED STATES POSTAL SERVICE

Date Produced: 03/24/2026

Pitney Bowes:

The following is the delivery information for Certified Mail™ item number 9489 0090 0027 6334 0314 95. Our records indicate that this item was delivered on 03/23/2026 at 09:41 a.m. in CARROLLTON, TX 75006. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :




Thank you for selecting the Postal Service for your mailing needs. If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

26CCV078841

FILED FOR RECORD
NO_____ TIME 9:41 A.M. P.M.

MAR 23 2026

Laura Richard
County Clerk Fort Bend Co. Texas

ANS | ANS

14456404.1.15-20



# USPS Tracking®

FAQs ›

Tracking Number:

Remove ✕

## 9489009000276334031464

Copy Add to Informed Delivery (https://informeddelivery.usps.com/)

### Latest Update

Your package will arrive later than expected, but is still on its way. It is currently in transit to the next facility.

Get More Out of USPS Tracking:

USPS Tracking Plus®

Feedback

### Moving Through Network

**In Transit to Next Facility, Arriving Late**

March 26, 2026

FILED FOR RECORD
NO____ TIME 9:51 A.M. P.M.

APR 24 2026

Laura Richard
County Clerk Fort Bend Co. Texas
ANS/ANS

26CCV078841

**Arrived at USPS Regional Facility**

SOUTH HOUSTON PROCESSING CENTER
March 21, 2026, 11:31 am

**Arrived at USPS Regional Facility**

NORTH HOUSTON TX DISTRIBUTION CENTER
March 20, 2026, 12:12 pm

**Accepted at USPS Origin Facility**

RICHMOND, TX 77469
March 20, 2026, 10:57 am

**Pre-Shipment, USPS Awaiting Item**

March 19, 2026

Hide Tracking History

14456404.1.18-20

UNITED STATES POSTAL SERVICE

Date Produced: 03/24/2026

Pitney Bowes:

The following is the delivery information for Certified Mail™ item number 9489 0090 0027 6334 0314 57. Our records indicate that this item was delivered on 03/23/2026 at 09:41 a.m. in CARROLLTON, TX 75006. The scanned image of the recipient information is provided below.

Signature of Recipient :

Signature X

Printed Name

Address of Recipient :

Delivery Address 11 5220 , 11 3297

Thank you for selecting the Postal Service for your mailing needs. If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

26CCV078841

FILED FOR RECORD
NO____ TIME 9:41 A.M. P.M.

MAR 23 2026

County Clerk Fort Bend Co. Texas

ANS / ANS